IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ASSOCIATED INDEMNITY CORPORATION a/s/o DANIEL and AUBRY MEYER | : | CIVIL ACTION NO.: |
| Plaintiff | : | |
| v. | : | JURY TRIAL DEMANDED |
| CONAGRA FOODS, INC. | : | |
| Defendant | : | JANUARY 14, 2015 |

## COMPLAINT

### PARTIES

1. The Plaintiff, Associated Indemnity Corporation, ("the Plaintiff") is a corporation organized and existing pursuant to the laws of the State of Illinois, with its principal place of business located at 777 San Marin Drive, Novato, California, 94998 and at all times material hereto, was duly authorized to issue insurance policies in the State of Connecticut.

2. The Defendant, ConAgra Foods, Inc. ("the Defendant") is a corporation organized and existing pursuant to the laws of the State of Delaware with a principal place of business located at 1 ConAgra Drive, Omaha, Nebraska 68102-5001, and at all times material hereto, was engaged in the business of, inter alia, developing, formulating, manufacturing, distributing and/or selling food products to the general public including, but not limited to, PAM brand cooking spray.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. The matter in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

4. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391, as the events giving rise to the claims at issue occurred in this district.

**FACTUAL ALLEGATIONS**

5. At all times material hereto, the Plaintiff provided insurance coverage to Daniel and Aubry Meyer ("the Plaintiff's insureds" or "the Meyers"), for the real and personal property they owned located at 106 Shearer Road, Washington, Connecticut 06793 ("the subject premises"), by way of a policy of insurance numbered NZJ 03727262 with effective dates of April 7, 2013 through April 7, 2014.

6. At all times material hereto, the Plaintiff's insureds' daughter, or a family friend, had purchased a can of PAM cooking oil spray ("the subject product") developed, formulated, manufactured, distributed and/or sold by the Defendant.

7. On or about May 13, 2013, the Meyers' daughter and a family friend were using the PAM in its usual and customary fashion while preparing meals in the kitchen at the subject premises.

8. After using the PAM, the Meyers' daughter and or the family friend placed the can onto the granite kitchen countertop, away from the stovetop and burners.

9. A short time after placing the can of PAM onto the granite kitchen countertop, the can exploded and a fire ensued which caused significant damage to the subject premises as well as burns to the Meyers' daughter and the family friend who were in the kitchen at the time.

10. As a result of the fire and its spread, the subject premises were extensively damaged.

11. Pursuant to the terms and conditions of its contract of insurance, the Plaintiff has made payments to its insureds for damage to the insured property in the amount of $560,208.85.

12. As a result of the aforesaid payments, pursuant to the contract of insurance and by operation of law, the Plaintiff is subrogated to the rights of its insureds against all parties responsible for the occurrence of said damages.

## COUNT I - PRODUCTS LIABILITY

13. The Plaintiff incorporates by reference the allegations of Paragraphs 1 through 12 above as though fully set forth at length herein.

14. The subject product was not abused, misused or altered in any way by the Plaintiff's insureds from the condition in which it was manufactured and supplied by the Defendant.

15. The Defendant, by and through its employees, agents and servants, is liable and legally responsible to the Plaintiff for the Plaintiff's insureds' injuries caused by the fire by virtue of Connecticut General Statutes § 52-572(m) et. seq. in one or more of the following respects:

   a) Failing to properly design the subject product with an adequate exterior skin and coatings so that the product was able to tolerate normal and expected conditions in the environment where it is used;

   b) Failing to accurately label and warn users that the PAM cooking spray canisters may contain ingredients such as liquefied petroleum gas, propane, butane and/or ethanol;

   c) Failing to accurately label and warn users, including the Plaintiff's insureds, that PAM cooking spray canisters contain "extremely flammable aerosol" that should not be exposed to temperatures in the range of 120 degrees Fahrenheit;

   d) Failing to accurately label and warn users, including the Plaintiff's insureds, of the dangers and risks presented by PAM cooking spray canisters and instead elected to place warnings in extremely small and difficult to read font sizes on the canisters;

   e) Failing to properly inspect and test the design and construction of its product before distributing the product to the public;

   f) Failing to warn the Plaintiff's insureds of the substantial risk of fire or similar peril presented by the normal use of its product;

3

g) Failing and/or omitting to do those things necessary to avoid an unreasonable risk of harm to the Plaintiff's insureds' real and personal property;

h) Failing to comply with all other applicable codes, regulations, guidelines, policies, procedures and/or industry customs and/or practices;

i) Failing to issue a post-sale warning of the known deficiencies and dangers associated with the subject product;

j) The subject product was in a defective and unreasonably dangerous condition;

k) The subject product was designed and manufactured such that it was not merchantable or fit for its intended use; and

l) The subject product was negligently designed and manufactured.

2. As a direct result of the Defendant's liability pursuant to Connecticut General Statutes §52-572(m), the fire of May 13, 2013 occurred, resulting in damage to the Plaintiff's insureds' property.

WHEREFORE, the Plaintiff, Associated Indemnity Corporation a/s/o Daniel and Aubry Meyer, demands judgment in its favor and against the Defendant, ConAgra Foods, Inc. in an amount in excess of $560,208.85, together with the costs of this action and such other relief as the Court may deem appropriate.

Respectfully submitted,
The Plaintiff, by:

Mark D. O'Hara #ct27200
Blackburn & O'Hara, LLC
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
Phone: 860-292-1116
Fax: 860-292-1221
mark@blackburnohara.com
Fed. Juris Id. #ct27200

OF COUNSEL:
Mark E. Opalisky, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103
Phone: 215.665.2729
Fax:    215.701.2724
mopalisky@cozen.com